IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

ARTHUR STEWART NICKENS                                      PLAINTIFF

v.                                                                    No. 2:07CV183-P-A

MUNICIPAL COURT JUDGE DON DEES,
COUNTY COURT PROSECUTOR JIMMY MILLER,
TOWN MAYOR REGINALD GRIFFIN                           DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* complaint under 42 U.S.C. § 1983 of Arthur Stewart Nickens, who challenges the validity of his conviction, fine, and incarceration in Quitman County, Mississippi. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

**Factual Allegations**

The plaintiff alleges that in June 2005, he was convicted of an unspecified crime and "was subjected to (1) Jail sentence, and (2) a fine . . . ." The plaintiff alleges that the Honorable Don Dees, Municipal Court Judge for Lambert (in Quitman County, Mississippi), had no jurisdiction to hear his case because Judge Dees resides in Coahoma County, Mississippi. This, the plaintiff argues, stands in contravention of MISS. CODE ANN. § 21-23-3, which requires each municipal judge to be "a qualified elector of the county in which the municipality is located . . . ."

**Discussion**

The plaintiff's claims in this case are precluded by the holding in *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). A § 1983 damage claim that calls into question the lawfulness of conviction or confinement – or otherwise demonstrates the invalidity

of the conviction or confinement – is not cognizable under § 1983 until such time as a § 1983 plaintiff is able to

> prove that the conviction or sentence has been *reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus*, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 114 S. Ct. at 2372; *see also Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994). Only if the court finds that the plaintiff's § 1983 suit, even if successful, "will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff," should the § 1983 action be allowed to proceed. *See Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995).

In the case at hand, the plaintiff argues that the court in which he was convicted lacked jurisdiction to hear his case. Clearly, this claim – if successful – would call into question the validity of his conviction and sentence. Therefore, the plaintiff must "demonstrate that the conviction or sentence has already been invalidated," *Heck*, 114 S. Ct. at 2372, in order for the § 1983 cause of action to accrue. The plaintiff has made no such allegation. As such, the instant case shall be dismissed with prejudice for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 12th day of December, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE